UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) AQUANZAE JAMAL SWITZER,<br>   a/k/a "Quanzay"<br>   a/k/a "Zay"<br>   a/k/a "Migo"<br><br>(2) DA'QUANTE ANTWONE BANKS,<br>   a/k/a "Quan"<br><br>(3) TRAJAN DAKEL MACK<br>   a/k/a "Tra"<br><br>Defendants. | DOCKET NO. 3:25-cr-147-MOC<br><br>**BILL OF INDICTMENT**<br><br>18 U.S.C. § 371<br>18 U.S.C. § 2312<br>18 U.S.C. § 2313<br>18 U.S.C. § 2<br><br>**UNDER SEAL** |

**THE GRAND JURY CHARGES:**

At the specified times and at all relevant times:

### INTRODUCTION

1. Beginning at least as early as 2022 and continuing through at least April 2024, in the Western District of North Carolina, and elsewhere, the defendants, (1) Aquanzae Jamal Switzer a/k/a "Quanzae" a/k/a "Zay" a/k/a "Migo" ("SWITZER"), (2) Da'Quante Antwone Banks a/k/a "Quan" ("BANKS") and (3) Trajan Dakel Mack ("MACK"), conspired with others, known and unknown to the Grand Jury, to steal high-end motor vehicles from multiple victims in North Carolina and other states, transport stolen vehicles across state lines, and possess and sell stolen vehicles that had been transported across state lines. Throughout the conspiracy, the defendants and their coconspirators stole dozens of vehicles, worth more than $5 million, many of which were stolen from or transported to the Western District of North Carolina.

2. Throughout the conspiracy, SWITZER, BANKS, and MACK all resided in Charlotte, North Carolina.

1

## COUNT ONE
## 18 U.S.C. § 371
### (Conspiracy to Transport, Possess, and Sell Stolen Vehicles in Interstate Commerce)

3. The Grand Jury re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 and 2 of the Bill of Indictment and further alleges that:

4. Beginning at least as early as 2022 and continuing through at least April 2024, the exact dates being unknown, in the county of Mecklenburg, within the Western District of North Carolina and elsewhere, the defendants,

**(1) AQUANZAE JAMAL SWITZER,**
**(2) DA'QUANTE ANTWONE BANKS,**
and
**(3) TRAJAN DAKEL MACK,**

knowingly and willfully combined, conspired and agreed with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the laws of the United States, that is: (1) to transport and cause to be transported in interstate and foreign commerce motor vehicles, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2312; and (2) to receive, possess, store, sell, and dispose of motor vehicles, which had crossed a state boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313.

### MANNER AND MEANS OF THE CONSPIRACY

5. It was part of the conspiracy that the defendants, working together and with other coconspirators, stole motor vehicles from businesses and private individuals in various locations throughout North Carolina and other states, including: South Carolina, Virginia, Georgia and Tennessee.

6. In order to maximize their profits from the thefts and subsequent sale of stolen vehicles, the defendants and their coconspirators stole high-end vehicles from the businesses and private individuals, including various luxury models made by BMW, Land Rover, and Mercedes-Benz, as well as trucks, sport utility vehicles, and high horsepower models manufactured by Chevrolet, Dodge, Ford and Jeep.

7. The defendants and their coconspirators generally stole the vehicles from victim businesses and private residences late at night and into the early morning hours. Frequently, the vehicles were stolen through key fob programming, whereby the defendants would first break into the vehicle, and then use a programming box to enable a blank key to operate the vehicle.

2

Case 3:25-cr-00147-MOC-DCK    Document 3    Filed 06/17/25    Page 2 of 10

8. The defendants and their coconspirators stole many of the vehicles in the Western District of North Carolina, at least some of which were later transported across state lines. The defendants and their coconspirators also stole vehicles outside of North Carolina and transported them back to Charlotte, North Carolina. The transportation of the stolen vehicles, as well as the clean vehicles that were used to travel to the theft sites and facilitate the theft, involved the use of coconspirators who served as drivers.

9. On several occasions during the conspiracy, the defendants and their coconspirators attempted to steal multiple vehicles simultaneously, often from the same victim business.

10. Once in possession of the stolen vehicles, the defendants and their coconspirators sold the vehicles to interested parties at prices well below their retail value or kept the vehicles for personal use.

11. Throughout, and in furtherance of, the conspiracy, the defendants and their coconspirators communicated via cellular phone calls and by sending electronic messages to each other and to others through various messaging applications.

12. During the conspiracy, the defendants and their coconspirators used various methods to avoid detection and arrest from law enforcement, including:

   a. By using temporary tags and fictitious vehicle tags on the stolen vehicles;

   b. By removing or attempting to remove GPS navigation and tracking systems from the stolen vehicles;

   c. By operating vehicles in a reckless manner, including by traveling at speeds well over posted speed limits, and by fleeing from police while operating vehicles;

   d. By changing the appearance of the stolen vehicles soon after the thefts, such as through the removal of racing stripes.

## OVERT ACTS OF THE CONSPIRACY

13. In furtherance of the conspiracy and to effect the objects and purposes thereof, the defendants committed one or more of the following overt acts:

   a. On or about September 7, 2022, SWITZER, aided and abetted by at least one coconspirator, stole two vehicles from a car dealership in Kingsport, Tennessee, and transported at least one of the stolen vehicles to Charlotte, North Carolina.

   b. On or about September 8, 2022, SWITZER possessed images of a 2016 Chevrolet Corvette, which was one of the vehicles stolen on or about the day prior from

Kingsport, Tennessee, and he sent to a coconspirator an electronic message about selling the stolen Corvette.

c. On or about December 9, 2022, SWITZER and MACK, aided and abetted by coconspirators, stole twelve vehicles from a car dealership in Lillington, North Carolina.

d. Also, on or about December 9, 2022, SWTIZER sent MACK an electronic communication that discussed: paying a coconspirator for driving, selling a stolen vehicle, and keeping a stolen vehicle.

e. On or about December 21, 2022, SWITZER sent to an unknown coconspirator electronic images of a 2021 Dodge Charger, stolen from an apartment complex in Charlotte, North Carolina, on or about the same date.

f. On or about December 30, 2022, SWITZER sent to MACK electronic images of a 2021 Dodge Challenger stolen on or about the same date. On that same date, SWITZER sent to an unknown coconspirator electronic messages that said "I just got done grabbing car… Finna park it in yo apartment. They tow?... ima park it and put a cover over it."

g. On or about January 29, 2023, SWITZER, along with coconspirators, aiding and abetting each other, stole three Chevrolet Corvettes from a car dealership in Spartanburg, South Carolina, and transported at least one of the stolen vehicles to Charlotte, North Carolina.

h. On or about February 11, 2023, SWITZER and MACK, along with coconspirators, aiding and abetting each other, stole four vehicles from a car dealership in Evans, Georgia, and transported at least one of the vehicles to Charlotte, North Carolina.

i. On or about February 13, 2023, MACK sent to unknown coconspirators electronic images of a 2020 BMW X3, which was one of the vehicles stolen on or about February 11, 2023, from Evans, Georgia.

j. On or about March 15, 2023, MACK sent to a coconspirator an electronic message with the address for a car dealership in Richmond, Virginia, hours before three vehicles were stolen from the dealership.

k. Also, on or about March 15, 2023, SWITZER and MACK, along with coconspirators, aiding and abetting each other, stole three vehicles from a car dealership in Richmond, Virginia, and transported at least one of the vehicles to North Carolina.

l. Between on or about April 7-8, 2023, SWITZER, BANKS, and MACK, aiding and abetting each other, stole multiple vehicles from outside of the victims' residences in Charlotte, North Carolina.

4

m. On or about April 7, 2023, MACK sent an unknown coconspirator an electronic message about "getting" a "hellcat" and programming it.

n. On or about April 10, 2023, SWITZER sent to a coconspirator electronic images of: (1) the vehicle identification number ("VIN") for a 2017 Mercedes S550 stolen from a car dealership in Henrico County, Virginia on or about March 12, 2023, and (2) the VIN for a 2023 Dodge Durango stolen from outside a business in Wendell, North Carolina, on or about March 24, 2023.

o. On April 25, 2023, SWITZER and BANKS, aiding and abetting each other, stole a 2016 Dodge Challenger from a hotel parking lot in Fort Mill, South Carolina, and transported the vehicle back to Charlotte, North Carolina.

p. On or about May 12, 2023, SWITZER, BANKS, and MACK, aiding and abetting each other, stole a 2020 Dodge Charger from an apartment complex in Columbia, South Carolina, and then transported the vehicle to Charlotte, North Carolina.

q. On or about May 12, 2023, MACK possessed images of the 2020 Dodge Charger stolen from Columbia, South Carolina, on or about the same date, and sent electronic messages to a coconspirator with one of the images along with a text message that said, "I'm gone keep this one for myself".

r. On or about May 15, 2023, SWITZER and BANKS, along with coconspirators, aiding and abetting each other, stole three vehicles from a body shop in Charlotte, North Carolina.

s. Also, on or about May 15, 2023, BANKS possessed an electronic image of a 1965 Ford Mustang, which was one of the vehicles stolen from a body shop in Charlotte, North Carolina, on or about the same date.

t. On or about May 16, 2023, BANKS, aided and abetted by at least one coconspirator, stole a 2021 Dodge Ram from a car dealership in Charlotte, North Carolina.

u. On or about May 17, 2023, MACK sent BANKS an electronic message with an image of a 2019 Jeep Grand Cherokee parked at an apartment complex in Charlotte, North Carolina. On or about the next day, the vehicle was stolen from that location.

v. On or about May 18, 2023, SWITZER sent a coconspirator an electronic message with the vehicle tag identifiers of the 2019 Jeep Grand Cherokee referenced in subparagraph (u), and stolen on or about the same date.

5

w. On or about May 19, 2023, SWITZER sent MACK an electronic image of a 2020 Jeep Grand Cherokee from a car dealership website on or about the same date it was stolen from the same car dealership in Gastonia, North Carolina.

x. On or about May 31, 2023, BANKS and MACK, aiding and abetting each other, stole a 2018 Dodge Charger from an apartment complex in Charlotte, North Carolina.

y. On or about June 5, 2023, SWITZER, aided and abetted by at least one coconspirator, stole a 2021 Dodge Challenger from a car dealership in Columbia, South Carolina and transported the vehicle to MACK's apartment complex in Charlotte, North Carolina.

z. On or about June 14, 2023, SWITZER, BANKS, and MACK, aiding and abetting each other, stole a 2021 Dodge Charger from a car dealership in Sumter, South Carolina, and transported the Charger back to Charlotte, North Carolina.

aa. On or about July 3, 2023, MACK sent to coconspirators electronic images of a 2018 Dodge Challenger stolen from an apartment complex in Charlotte, North Carolina on or about the same date.

bb. On or about July 6, 2023, BANKS possessed images of the VIN of a 2021 Dodge Challenger stolen from an apartment complex in Charlotte, North Carolina, on or about April 8, 2023.

cc. Between on or about August 12-13, 2023, MACK possessed a 2018 Dodge Challenger that was stolen from an apartment complex in Charlotte, North Carolina, on or about August 12, 2023.

dd. On or about August 20, 2023, SWITZER sent to MACK electronic images of a 2020 Jeep Grand Cherokee stolen on or about the same date in Charlotte, North Carolina, and discussed selling the vehicle to an individual from South Carolina.

ee. On or about March 24, 2024, SWITZER and MACK, aiding and abetting each other, stole a 2018 Dodge Challenger from an apartment complex in Columbia, South Carolina, and then transported the vehicle to Charlotte, North Carolina.

ff. On or about March 31, 2024, SWITZER and MACK, aiding and abetting each other, stole a 2020 Dodge Charger from an apartment complex in Columbia, South Carolina, and then transported the vehicle to Charlotte, North Carolina.

All in violation of Title 18, United States Code, Section 371.

6

## COUNT 2
## 18 U.S.C. § 2313
### (Possession of a Stolen Motor Vehicle)

14. On or about September 8, 2022, in the Western District of North Carolina, and elsewhere, the defendant, **(1) AQUANZAE JAMAL SWITZER,** did possess a stolen motor vehicle, that is, a 2016 Chevrolet Corvette with VIN number 1G1YF2D72G5116259, which vehicle had crossed a state boundary after being stolen on or about the previous day, in Kingsport, Tennessee, and subsequently brought into the State of North Carolina, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313.

## COUNT 3
## 18 U.S.C. § 2312
### (Interstate Transportation of a Stolen Motor Vehicle)

15. Between on or about December 9, 2022 and February 4, 2023, in the Western District of North Carolina, and elsewhere, the defendant, **(1) AQUANZAE JAMAL SWITZER,** along with others, known and unknown to the grand jury, aiding and abetting each other, did unlawfully transport and cause to be transported in interstate commerce a stolen motor vehicle, that is: a 2022 Dodge Challenger with VIN 2C3CDZFJ0NH206660 from the State of North Carolina to the State of South Carolina, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 4
## 18 U.S.C. § 2312
### (Interstate Transportation of a Stolen Motor Vehicle)

16. Between on or about April 25, 2023 and April 26, 2023, in the Western District of North Carolina, and elsewhere, the defendant, **(2) DA'QUANTE ANTWONE BANKS,** along with others, known and unknown to the grand jury, aiding and abetting each other, did unlawfully transport and cause to be transported in interstate commerce a stolen motor vehicle, that is: a 2020 Dodge Charger with VIN 2C3CDXL96LH139574 from the State of South Carolina to the State of North Carolina, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 5
## 18 U.S.C. § 2313
### (Possession of a Stolen Motor Vehicle)

17. On or about April 28, 2023, in the Western District of North Carolina, and elsewhere, the defendant, **(2) DA'QUANTE ANTWONE BANKS,** did possess a stolen motor vehicle, that is, a 2016 Dodge Challenger with VIN number 2C3CDZC99GH112323, which vehicle had crossed a state boundary after being stolen on or about April 25, 2023, in Fort Mill,

South Carolina, and subsequently brought into the State of North Carolina, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313.

## COUNT 6
## 18 U.S.C. § 2313
### (Possession of a Stolen Motor Vehicle)

18. On or about May 12, 2023, in the Western District of North Carolina, and elsewhere, the defendant, **(3) TRAJAN DAKEL MACK,** did possess a stolen motor vehicle, that is, a 2020 Dodge Challenger with VIN number 2C3CDXGJ8LH197383, which vehicle had crossed a state boundary after being stolen on or about May 12, 2023, in Columbia, South Carolina, and subsequently brought into the State of North Carolina, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313

## COUNT 7
## 18 U.S.C. § 2312
### (Interstate Transportation of a Stolen Motor Vehicle)

19. Between on or about May 16, 2023 and May 26, 2023, in the Western District of North Carolina, and elsewhere, the defendant, **(2) DA'QUANTE ANTWONE BANKS,** along with others, known and unknown to the grand jury, aiding and abetting each other, did unlawfully transport and cause to be transported in interstate commerce a stolen motor vehicle, that is: a 2021 Dodge Ram TRX with VIN 1C6SRFU97MN804581 from the State of North Carolina to the State of South Carolina, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 8
## 18 U.S.C. § 2312
### (Interstate Transportation of a Stolen Motor Vehicle)

20. Between on or about August 20, 2023 and October 8, 2023, in the Western District of North Carolina, and elsewhere, the defendant, **(3) TRAJAN DAKEL MACK,** along with others, known and unknown to the grand jury, aiding and abetting each other, did unlawfully transport and cause to be transported in interstate commerce a stolen motor vehicle, that is: a 2020 Jeep Grand Cherokee with VIN 1C4RJFD6LC296073 from the State of North Carolina to the State of South Carolina, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 9
## 18 U.S.C. § 2312
### (Interstate Transportation of a Stolen Motor Vehicle)

21. On or about March 24, 2024, in the Western District of North Carolina, and elsewhere, the defendant, **(1) AQUANZAE JAMAL SWITZER** and **(3) TRAJAN DAKEL MACK,** aiding and abetting each other, did unlawfully transport and cause to be transported in interstate commerce a stolen motor vehicle, that is: a 2018 Dodge Challenger with VIN 2C3CDZFJ2JH160906 from the State of South Carolina to the State of North Carolina, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT 10
## 18 U.S.C. § 2313
### (Possession of a Stolen Motor Vehicle)

22. On or about April 2, 2024, in the Western District of North Carolina, and elsewhere, the defendant, **(1) AQUANZAE JAMAL SWITZER,** did possess a stolen motor vehicle, that is, a 2020 Dodge Charger with VIN number 2C3CDXL99LH243976, which vehicle had crossed a state boundary after being stolen on or about March 31, 2024, in Columbia, South Carolina, and subsequently brought into the State of North Carolina, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2313.

## NOTICE OF FORFEITURE

Notice is hereby given of 18 U.S.C. § 982 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 982 and/or 2461(c):

a. All property which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the violations set forth in this bill of indictment; and

b. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a).

A TRUE BILL



FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

WILLIAM T. BOZIN
ASSISTANT UNITED STATES ATTORNEY

10